Filed 8/12/15  People v. Arnell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C072187 |
| v. | (Super. Ct. No. 12F03130) |
| HERBERT CARL ARNELL, JR., | |
| Defendant and Appellant. | |

A jury convicted defendant Herbert Carl Arnell, Jr., of two counts of second degree burglary.  (Pen. Code, § 459.)  In bifurcated proceedings, the jury found the strike prior and prior prison term allegations to be true.  (Pen. Code, §§ 667.5, 1192.7.)  The trial court sentenced defendant to serve eight years and four months in state prison.

On appeal, defendant contends the trial court erred in admitting, under Evidence Code section 1101, subdivision (b), evidence of a cash register drawer and coin trays

found by the police in the backyard of a residence where defendant was present.[1] The trial court admitted evidence of a cash register drawer and coin trays as circumstantial evidence that was relevant and probative to the charged burglaries.

We conclude that even if the evidence was admissible as circumstantial evidence, the evidence should have been excluded under section 352 in the absence of an instruction admonishing the jury the evidence could not be used to establish bad character or propensity to commit burglary. Nonetheless, the evidentiary error was harmless in light of overwhelming evidence that established defendant's identity and commission of the charged offenses. Accordingly, we affirm.

FACTS

### Count One:  Burglary of Fashion Cleaners

Around 4:00 a.m. on February 10, 2012, someone broke into Fashion Cleaners in the Arden Arcade area and took the cash register. The side window was broken with a fist-sized rock. Video surveillance showed two men, one of whom entered and removed the cash register. A sheriff's detective reviewed the surveillance videotape and recognized defendant as the suspect who remained outside while the other suspect entered the premises. Upon viewing the surveillance videotape, two other people who had known defendant for about two years and had regular contact with him also identified defendant.

### Count Two: Burglary of Papa Murphy's

Around 5:30 a.m. on March 30, 2012, Papa Murphy's pizza shop in the Arden Arcade area, two to three miles from Fashion Cleaners, was broken into and the coin trays from the cash registers were taken. The glass front door was broken with a rock. Video surveillance showed defendant throwing a rock through the window, entering the

---

[1]     Undesignated statutory references are to the Evidence Code.

business, opening the cash registers, taking the cash trays, and fleeing in a small station wagon. The sheriff's detective and the other two witnesses who knew defendant identified him in the surveillance video.

### *Uncharged Conduct: Burglary of 76 Gas Station in Roseville*

Before trial, the prosecution sought to introduce evidence of uncharged conduct under section 1101, subdivision (b). This evidence related to a burglary of a 76 gas station in Roseville. The prosecution's motion sought to introduce evidence that included a video surveillance tape of a burglary of a gas station in Roseville and a "chrome cash drawer and two plastic cash drawer inserts" obtained from the backyard of defendant's purported residence during a parole search by Roseville officers.

The defense argued for exclusion of all other crimes evidence -- including the cash register drawer and coin trays found as part of the 76 gas station burglary investigation -- as inadmissible under section 1101. Defense counsel further argued the evidence was irrelevant under sections 210 and 350 and unduly prejudicial under section 352. Defense counsel reasoned that (1) the items were not linked in any way to the charged burglaries, and (2) seven other people were present at the residence while the police conducted the search. The prosecution responded with an offer of proof that items were "similar" in nature to the coin trays taken from Papa Murphy's and these items were found in the rear yard of the residence where defendant was located.

The trial court ruled that (1) the Roseville burglary evidence was inadmissible under section 1101, subdivision (b), and (2) the evidence of the cash register drawer and coin trays *was* admissible as relevant circumstantial evidence. As to the cash register drawer and coin trays, the trial court explained:

"It seems to me that cash register drawers, money containers of the like are an unusual enough item in and of themselves that that's not a common item that you may find in someone's house, less common to find it is someone's backyard, perhaps.

"And it just seems to me that if the fact that there are cash registers taken in these thefts, or at least in one of the thefts, a cash register is taken in another of the thefts, items which relate to a cash register are taken, that those items, even though they have not been specifically linked to a specific cash register, that those items are circumstantial evidence of a cash register theft.

"I think there is sufficient linkage in the nature of the item to the nature of the theft that they are relevant. There is probative value in that. You can certainly argue an innocent explanation, and there may be an innocent explanation, but again, I think that goes to the weight of the evidence and not the admissibility of the evidence.

"So it seems to me that if someone is accused of stealing, I don't know, if someone is accused of stealing pumpkins and a few days later a person accused of stealing the pumpkins is standing within arm's length of pumpkins, even though no one can say yeah, those were the specific pumpkins taken, it seems to me that would be relevant evidence to suggest that the person standing next to the pumpkins may have been involved in the taking of the pumpkins previously.

"So I think for all those reasons I'm going to deny the defendant's request to exclude the evidence of the cash register components, whatever you have."

Consistent with the trial court's evidentiary ruling, the prosecution introduced evidence at trial that when law enforcement officers contacted defendant at a residence on El Camino Avenue on April 5, 2012, he was at a gate between the backyard and front yard. In the backyard, an officer found a black plastic coin tray in a basket and a cash register drawer wrapped in a blanket. A second coin tray was found in another part of the yard.

## DISCUSSION

Defendant contends the trial court prejudicially erred in admitting the evidence of the cash register drawer and coin trays found in the backyard of the residence. We

4

conclude the evidence should have been excluded under section 352, but the evidentiary error was harmless beyond a reasonable doubt.

## A.

### *Admissibility of Evidence*

"No evidence is admissible except relevant evidence" and "[e]xcept as otherwise provided by statute, all relevant evidence is admissible." (§§ 350, 351.) Evidence is relevant if it has "any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (§ 210.) Conversely, irrelevant evidence is evidence "having no probative value; not tending to prove or disprove a matter in issue." (Black's Law Dict. (7th ed. 1999) p. 834, col. 2.)

Propensity evidence -- that is evidence of a person's character or willingness to commit a crime -- "is inadmissible to prove conduct in conformity with that character trait." (*People v. Villatoro* (2012) 54 Cal.4th 1152, 1170.) However, section 1101, subdivision (b), provides that evidence of other crimes " 'can be admitted for other relevant purposes, such as proving . . . intent,' even if it is inadmissible 'to prove the defendant had a disposition to commit similar bad acts.' (*Villatoro*, at pp. 1170–1171, fns. omitted.)" (*People v. Scott* (2015) 61 Cal.4th 363, 398.)

Evidence that is relevant to proving the charged crimes and admissible under section 1101, subdivision (b), may still be excluded if it is unduly prejudicial. (§ 352.) To this end, section 352 provides: "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."

In reviewing a claim of error in the admission of evidence, we consider whether the trial court abused its discretion. (*People v. Carter* (2003) 30 Cal.4th 1166, 1194.) " 'A trial court's discretionary ruling under this statute " 'must not be disturbed on appeal

5

except on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. [Citations.]' " [Citation.]' (*People v. Williams* (2008) 43 Cal.4th 584, 634–635.)" (*People v. Leon* (2010) 181 Cal.App.4th 452, 460.) In conducting our review, we assess the trial court's evidentiary ruling based on the facts known to the court when it made its ruling. (*People v. Hartsch* (2010) 49 Cal.4th 472, 491; *People v. Hernandez* (1999) 71 Cal.App.4th 417, 425.) "To do otherwise would require us to hold the trial court to an impossible standard." (*Hernandez*, *supra*, 71 Cal.App.4th at p. 425.)

**B.**

### *Evidence of the Coin Trays and Cash Register Drawer*

Regardless of whether the coin trays and cash register drawer constituted relevant evidence under section 210, they should have been excluded under section 352. The prosecution's offer of proof did not suggest the coin trays and cash register drawer were those taken in the charged burglaries. At the hearing on the motion, the prosecutor characterized the coin trays only as "similar" to those taken from Papa Murphy's. According to the prosecution's offer of proof in its in limine motion, the link between defendant and the coin trays and cash register drawer was based on little more than that they were found at his purported residence. Yet, seven other people were at the residence when the police discovered the coin trays and cash drawer incident to defendant's arrest. The trial court, however, found sufficient connection based on the unusual nature of the items and the nature of the charged burglaries.

The slender probative value of the evidence created the risk the jury would infer defendant had committed other similar burglaries or associated himself with people who committed burglaries similar to the charged offenses. Even if relevant and probative, the trial court should have excluded the evidence of the coin trays and cash register drawer under section 352 because of the danger the jury would rely on the items to

conclude defendant had a propensity to commit similar burglaries. This risk was not ameliorated by any cautionary instruction such as CALCRIM No. 375, which admonishes jurors uncharged conduct "is not sufficient by itself to prove that the defendant is guilty" of similar charged offenses. Thus, the jury received no caution to avoid concluding "from this evidence that the defendant has a bad character or is disposed to commit crime." (CALCRIM No. 375.) In the absence of a cautionary instruction such as CALCRIM No. 375, the evidence should have been excluded under section 352.

## C.

### *Harmless Error*

We conclude the evidentiary error was harmless under any standard of reversible error. (*Chapman v. California* (1967) 386 U.S. 18, 24 [federal constitutional error must be harmless beyond a reasonable doubt]; *People v. Watson* (1956) 46 Cal.2d 818, 836 [not reasonably probable defendant would have obtained a more favorable result in the absence of error of state law].)

Defendant was captured by the video surveillance both at Fashion Cleaners and Papa Murphy's. Both surveillance videos clearly showed burglaries were committed. The surveillance videos also provided conclusive evidence defendant committed the burglaries. Defendant was identified in both surveillance videos by the sheriff's detective and two other witnesses who had known defendant for about two years. With respect to the Papa Murphy's burglary, defendant claims one of the witness's identification was weak because he could not identify defendant from the surveillance tape when first shown to him. At trial, the witness identified defendant from the Papa Murphy's video, explaining when it was first shown to him it was not "slowed down and paused" like it was at trial. The same witness identified defendant from the Fashion Cleaners video. In the absence of the cash register drawer and coin trays evidence,

7

defendant's guilt was clearly established by the video surveillance tapes and witness identifications.

DISPOSITION

The judgment is affirmed.


       HOCH     , J.


We concur:


     BLEASE     , Acting P. J.


     MURRAY   , J.